IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **JASON HAYES,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No. |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **CITY OF EXCELSIOR SPRINGS,** | ) | |
| **MISSOURI,** | ) | |
| Serve: | ) | |
| **Mayor Sharon Powell** | ) | |
| **201 E. Broadway** | ) | |
| **Excelsior Springs, Missouri 64024** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **CPL. SCOTT SICKLES,** | ) | |
| Serve at Place of Employment: | ) | |
| City of Excelsior Springs, Missouri | ) | |
| Police Department | ) | |
| 301 Main Street | ) | |
| Excelsior Springs, Missouri 64024 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **OFC. JACOB SWANN** | ) | |
| Serve at Place of Employment: | ) | |
| City of Excelsior Springs, Missouri | ) | |
| Police Department | ) | |
| 301 Main Street | ) | |
| Excelsior Springs, Missouri 64024 | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

COMES NOW Plaintiff Jason Hayes, and for his Complaint against the Defendants who are sued in their individual and official capacities states the following:

## **INTRODUCTION**

1. Plaintiff Jason Hayes, seeks judgment against Defendants for violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §§ 1983 and 1988; violation of his rights under the Missouri Constitution; and

Missouri's negligence law. Plaintiff also seeks judgment against Defendant City of Excelsior Springs, Missouri for implicitly or explicitly adopting and implementing policies, customs, or practices that included, among other things, allowing officers with no or inadequate training to assess the conditions, including right to be free from the use of excessive force; and for its unconstitutional policies, customs and/or practices. These policies, customs, or practices and/or failure to have the same reflected a deliberate indifference to Plaintiff.

## JURISDICTION AND VENUE

2. This action is brought, in part, pursuant to 42 U.S.C. § 1983 for the deprivation of civil rights; jurisdiction is therefore appropriate under 28 U.S.C. §§ 1331 and 1343.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. The claims asserted herein arose in the Western District of Missouri, Clay County, City of Excelsior Springs and venue is therefore proper in this Court.

## PARTIES

5. Plaintiff is and at all times relevant herein a resident and citizen of Clay County, Missouri.

6. Defendant City of Excelsior Springs, Missouri ("City") is a political subdivision of the State of Missouri and operates the Police Department, located in Excelsior Springs, Clay County, Missouri. It may be served through its Mayor Sharon Powell at 201 East Broadway, Excelsior Springs, Missouri 64024.

7. Defendant City is the political subdivision of the State of Missouri that is responsible for the injuries and damages suffered by Plaintiff, which was caused by the intentional acts and/or failures to act of the duly appointed officers of the City, who were

acting by virtue of or under color of the office at the time, as well as the negligent acts and/or omissions of each and every other Defendant, who were employees and/or agents of said city, and were acting within their scope of employment.

8. At all times relevant hereto, upon information and belief, Defendant Scott Sickles was a citizen and resident of Clay County, Missouri and was acting in his capacity as a Police Officer, employed by City and acting under the color of State law at the time of Plaintiff's arrest. He is hereby sued in his individual capacity. He may be served at his place of employment located at the Excelsior Springs Police Department, 301 Main Street, Excelsior Springs, Missouri 64024.

9. At all times relevant hereto, upon information and belief, Defendant Jacob Swann was a citizen and resident of Clay County, Missouri and was acting in his capacity as a Police Officer, employed by City and acting under the color of State law at the time of Plaintiff's arrest. He is hereby sued in his individual capacity. He may be served at his place of employment located at the Excelsior Springs Police Department, 301 Main Street, Excelsior Springs, Missouri 64024.

10. Defendant City has established and/or delegated to Defendant employees of the Police Department the responsibility of establishing and implementing policies, practices, procedures and customs in providing the detention, medical care, medical screening, safety screenings and appropriate monitoring of individuals similarly situated as Plaintiff; and for implementing policies, practices, procedures, and/or customs for training other officers in these matters.

11. All negligent and/or intentional acts and/or omissions which caused the injuries and damages suffered by Plaintiff occurred while he was in the custody of the City's police officers located in Excelsior Springs, Clay County, Missouri.

12. All negligent and/or intentional acts and/or omissions which caused the injuries and damages suffered by Plaintiff occurred while he was detained by the City's police officers located in Excelsior Springs, Clay County, Missouri.

13. These causes of action arose under the 4th and 14th Amendments of the U.S. Constitution and 42 USC §§ 1983 and 1988, under the Constitution of the State of Missouri and under Missouri common law for negligence.

14. Each of the intentional and/or negligent acts and/or omissions complained of herein which cause the injuries and damages suffered by Plaintiff occurred on or about August 23, 2021, while in the care, custody and control of Defendants.

**FACTS**

15. On or about August 23, 2021, at approximately 10:47 P.M., Defendants Sickles and Swann responded to a call at the 500 block of Isley Boulevard in Excelsior Springs, Missouri.

16. Defendants Sickles and Swann arrested Plaintiff for public intoxication and disobeying a lawful order.

17. Defendant Sickles then took Plaintiff to Excelsior Springs Police Department for booking.

18. Defendant Swann arrived at the Excelsior Springs Police Department to observe Defendant Sickles trying to search Plaintiff.

19. Plaintiff stated that Defendant Sickles could not search him, but Defendant Swann could.

20. Upon attempting to search Plaintiff, Defendant Swann pushed Plaintiff into a wall.

21. After Defendant Swann forcibly pushed Plaintiff into wall, Plaintiff's head and face

struck the wall by the light switch causing the lights to go out.

22. Defendant Sickles turned the lights back on.

23. With the lights back on, Plaintiff's blood is evident on the wall from his injuries.

24. Defendants Swann and Sickles took Plaintiff to cell.

25. Defendants Swann and Sickles then transferred Plaintiff to Excelsior Springs Medical Center.

26. Plaintiff had a laceration to his forehead and was treated at the Excelsior Springs Medical Center.

27. Defendant Sickles, individually and in concert with others through the policies and procedures instituted by Defendant City fostered an environment which led to the deliberate indifference of Plaintiff in contravention of his civil rights.

28. Defendant Swann, individually and in concert with others intentionally, willfully, maliciously, and while acting under the color of State law showed a deliberate indifference to Plaintiff by aggressively and with excessive force slamming Plaintiff into a wall causing injuries including but not limited to his face and head.

29. Defendant City was negligent in its supervision of Defendants and the employees and/or officers herein.

30. Each of the Defendants, individually and in concert with one another, acted under the color of State law in both individual and official capacities to deprive Plaintiff of his rights secured to Plaintiff by the 4th and 14th Amendments to the Constitution of the United States and by 42 U.S.C. §1983.

31. As a direct and proximate result of the actions of all Defendants described above, Plaintiff suffered damages and injuries including but not limited to his face and head.

32. All of the aforementioned actions demonstrate that Defendants' actions were

reckless and/or callously indifferent to Plaintiff's rights so as to justify consideration by the trier of fact of aggravating circumstances in determining the amount of damages to be allowed.

33. Plaintiff is entitled to compensation for violations of his constitutional rights that all Defendants inflicted upon him, including but not limited to all damages suffered during the excessive force used during his arrest causing Plaintiff pain and suffering; medical expenses and future medical expenses; attorney's fees; and punitive damages.

### COUNT 1:
### Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983
### Against Defendants Sickles and Swann

34. Plaintiff hereby incorporates by reference the allegations made in each preceding paragraphs as if each were set forth herein.

35. The Fourth Amendment prohibits the use of excessive force in circumstances which do not pose an immediate threat of serious bodily injury and/or death.

36. The conduct of Defendants Sickles and Swann as identified in this count and described herein constituted excessive force in violation of the Fourth Amendment of the United States Constitution and clearly established law.

37. At all relevant times, Defendants Sickles and Swann were acting under color of state law, as agents of Defendant City, and within the scope of their employment and authority as duly-certified law enforcement officers of Defendant City.

38. At all relevant times, Defendants Sickles and Swann were acting in their capacity as Police Officers and directly participated in violating Plaintiff's federal rights. Defendants Sickles and Swann are therefore liable in both their individual and supervisory capacities.

39.     At all relevant times while Plaintiff was detained and handcuffed, Defendants Sickles and Swann did not have a reasonable fear of imminent bodily harm, nor did Defendants Sickles and Swann have a reasonable belief that any other person was in danger of imminent bodily danger from Plaintiff.

40.     Defendants Sickles and Swann's use of excessive force on Plaintiff was objectively unreasonable and violated clearly established law.

41.     As a result of Defendants Sickles and Swann's unjustified, excessive, and illegal use of force, Plaintiff experienced conscious pain and suffering and injuries to his body including but not limited to his head and face.

42.     In committing the acts complained of herein, Defendants Sickles and Swann acted under color of State law to show deliberate indifference to Plaintiff by their use of excessive force and in deprivation of Plaintiff's rights under the Due Process Clause of the 14th Amendment of the United States Constitution.

43.     As a direct and proximate result of the violation of Plaintiff's constitutional rights by the Defendants Sickles and Swann, Plaintiff suffered general and special damages as alleged in the Complaint and is herein entitled to relief under 42. U.S.C. § 1983.

44.     The conduct of the Defendants Sickles and Swann was willful, malicious, oppressive, and reckless and are of such nature that punitive damages should be imposed in the amount commiserate with the wrongful acts alleged herein.

       WHEREFORE, Plaintiff prays this Court:

A.     Enter judgment in favor of Plaintiff and against Defendants Sickles and Swann;

B.     Award Plaintiff compensatory damages and damages for aggravating

circumstances against Defendants Sickles and Swann;

C.        Award Plaintiff punitive damages;

D.        Award Plaintiff reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

E.        Allow such other relief as the Court deems just and proper including but not limited to lost wages; lost earning capacity; medical expenses and future medical expenses.

## COUNT 2:
### Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983
### (Failure to Implement Appropriate Policies, Customs, and Practices and Failure to Train, Supervise and Retain)
### Against Defendant City

45.  Plaintiff hereby incorporates by reference the allegations made in each preceding paragraph as if each were set forth herein.

46.  From the time Plaintiff was in custody, Plaintiff's constitutional rights were deliberately disregarded and violated resulting in injury.

47.  A reasonable officer in Defendants Sickles and/or Swann's position would have understood that using excessive force violated his constitutional rights.

48.  Defendant City's policy, custom and/or practice resulted in deprivation of Plaintiff's constitutional violations.

49.  Defendant City failed to properly train or modify its training to Defendants Sickles and Swann and its other officers, including but not limited to, matters related to the reasonable and appropriate use of force during such arrests, and intervention in the excessive use of force by fellow officers.

50.  Effectuating an arrest, using force to effectuate an arrest, and intervening in the use of force is a usual and recurring situation with which Defendant City's law

enforcement officers and other agents encounter on a regular basis.

51. With deliberate indifference to the rights of citizens, Defendant City failed to provide adequate training to its officers and/or personnel in appropriate use of force during arrests and intervention in the excessive use of force by fellow officers.

52. Defendant City was aware that deprivation of the constitutional rights of citizens was likely to result from its lack of training and the failure to modify its training.

53. As such, Defendant City was deliberately indifferent and exhibited reckless disregard with respect to the potential violation of constitutional rights.

54. The failure to train and/or to appropriately modify training constituted official Defendant City's policies, practices, or customs.

55. Defendant City's failure to train and/or to modify training was behind the acts and omissions Defendants Sickles and Swann made toward Plaintiff.

56. Defendant City's failure to have an adequate policy, custom and/or practice resulted in the violation of Plaintiff's constitutional rights. Defendant City developed and maintained policies, customs and practices exhibiting deliberate indifference to Plaintiff's constitutional rights.

57. Alternatively, Defendant City failed to have adequate policies, customs, and practices to protect an arrestee/detainee's constitutional rights.

58. Defendant City developed policies, customs, and practices violating Plaintiff's constitutional rights in failing to use of proper force during arrests/detention and intervention in the excessive use of force by fellow officers.

59. Defendant City failed to train, supervise, and retain staff on the rights of an arrestee/detainee, thereby demonstrating a deliberate indifference to Plaintiff.

60. This failure to train amounts to a deliberate indifference to the rights of persons

whom Defendant City's personnel comes into contact with, including Plaintiff.

61. Upon information and belief, Defendant City appointed officers and/or personnel, who were not licensed and/or adequately trained professionals, to properly arrest/detain individuals, including Plaintiff.

62. Upon information and belief, Defendants Sickles and Swann were inadequately trained and supervised by Defendant City.

63. Defendant City implicitly or explicitly adopted and implemented policies, customs, or practices that included, among other things, allowing officers and/or personnel with no or inadequate training to use excessive force including but not limited to improper arrest/detention and intervention in the excessive use of force by fellow officers, which policies, customs, or practices reflected a deliberate indifference to Plaintiff

64. The failure of Defendant City to implement policies and procedures amounts to deliberate indifference to Plaintiff.

65. At the time of the above-described events, it was the custom or policy of Defendant City to inadequately supervise and train its officers and/or personnel, thereby evidencing a deliberate indifference to Plaintiff's constitutional rights.

66. The need for training on the rights of detainees is obvious, and the lack of training was so inadequate that it was likely to result in violating the rights of arrestees/detainees, including Plaintiff.

67. Defendant City's failure to supervise officers and/or personnel constituted a tacit authorization of the offensive acts.

68. In committing the acts complained of herein, Defendant City acted under color of State law to show deliberate indifference in the use of excessive force and in deprivation of Plaintiff's rights under the Due Process Clause of the 14th Amendment of the United States

Constitution.

69. As a direct and proximate result of the violation of Plaintiff's constitutional rights by Defendant City, Plaintiff suffered general and special damages as alleged in the Complaint and is herein entitled to relief under 42. U.S.C. §1983.

70. The conduct of the Defendant City was willful, malicious, oppressive, and reckless and are of such nature that punitive damages should be imposed in the amount commiserate with the wrongful acts alleged herein.

WHEREFORE, Plaintiff prays this court:

A. Enter judgment in favor of Plaintiff and against Defendant City;

B. Award Plaintiff compensatory damages and damages for aggravating circumstances against Defendant City;

C. Award Plaintiff punitive damages;

D. Award Plaintiff reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

E. Allow such other relief as the Court deems just and proper including but not limited to medical expenses and future medical expenses.

### COUNT 3:
### Negligence
### Against Defendants Sickles and Swann

71. Plaintiff hereby incorporates by reference the allegations made in each preceding paragraph as if each were set forth herein.

72. Defendants Sickles and Swann owed a duty to ensure the safety of arrestees/detainees, specifically Plaintiff.

73. Defendants Sickles and Swann breached their duty of care in their use of excessive force in the arrest and detention of Plaintiff.

11

Case 4:22-cv-00796-SRB   Document 1   Filed 12/05/22   Page 11 of 14

74. As a direct and proximate result of the aforementioned negligence of Defendants Sickles and Swann, Plaintiff was injured and caused to suffer conscious pain and suffering.

75. Plaintiff suffered physical and mental pain which is an item of damage to be considered and awarded.

76. Defendants Sickles and Swann conduct in this case, as set forth in the Complaint constitutes aggravating circumstances within the meaning of the laws of the State of Missouri. Furthermore, this conduct was undertaken with knowledge that such conduct produced a high degree of probability of injury to Plaintiff, or others similarly situated, and was done with such reckless or callous indifference and conscious disregard for safety of others so that public policy requires punishment through the form of aggravating circumstances.

WHEREFORE, Plaintiff prays for judgment against Defendants Sickles and Swann for damages, including prejudgment interest, in a fair and reasonable sum in excess of $75,000.00, his costs incurred herein, punitive damages, and for such other relief as is deemed appropriate by the Court.

**INJURIES AND DAMAGES**

77. Plaintiff hereby incorporates by reference the allegations made in each preceding paragraph as if each were set forth herein.

78. As a direct and proximate result of the deliberate indifference to Plaintiff, he suffered great physical pain and mental anguish as a result of his injuries.

79. Plaintiff is entitled to recover punitive damages from the Defendants for their intentional, willful, and malicious acts and/or omissions which constituted a deliberate indifference to Plaintiff in violation of his civil rights pursuant to 42 U.S.C. § 1983 by Defendants.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all of the above issues, costs herein incurred, fees where appropriate, and for such relief as is deemed appropriate by the Court.

    Respectfully submitted,

    LAUREN ALLEN, LLC

    /s/ *Lauren Perkins Allen*
    Lauren Perkins Allen
    Missouri Bar #49845
    4717 Grand Ave., Ste. 130
    Kansas City, Missouri 64112
    T: 816.877.8120
    F: 816.817.1120
    Email: lpa@laurenallenllc.com

    **JONATHAN BUSCHMANN,**
    **ATTORNEY AT LAW, P.C**

    /s/ *Erik P. Klinkenborg*
    Erik P. Klinkenborg    #49670 MO
    Jonathan Buschmann    #56804 MO
    1236 Swift Avenue
    North Kansas City, MO 64116
    Phone: (816) 472-4440
    Fax: (816) 472-4442
    klinkenborglaw@gmail.com
    jonathan@buschmannpc.com

    **ATTORNEYS FOR PLAINTIFF**